UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO,<br>c/o Law Office of Jeffrey L. Light<br>1712 Eye St., NW, Suite 915<br>Washington, DC 20006,<br><br>　　　　PLAINTIFF<br>　vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br><br>　　　　DEFENDANT | Judge _____<br>Civil Action No. _____ |

## **COMPLAINT**

## THE PARTIES

1.  Plaintiff Ryan Noah Shapiro is a Ph.D. candidate in the Program in History, Anthropology, & Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology. Plaintiff is an historian of national security, the policing of dissent, and governmental transparency.

2.  Plaintiff seeks access to certain public records to write popular news and/or scholarly articles for distribution to the academic and general public. His connections and relationships with a wide range of domestic and international media organizations will ensure that any story he drafts based on the information contained in these documents will be published and reprinted.

3.  Defendant Department of Justice (DOJ) is an agency of the United States.

4.  The Federal Bureau of Investigation (FBI) is a component of Defendant DOJ.

5. The Office of Information Policy (OIP) is a component of Defendant DOJ.

6. The FBI and DOJ have possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

7. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

8. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

9. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

10. This case arises out of Plaintiff's FOIA requests for specified FBI domestic terrorism administrative records (66F-HQ-1328110, 66-HQ-1328110) and related contextualizing records (66-00, 66F-0). Plaintiff submitted the first of these requests back in 2012. These requested FBI domestic terrorism administrative records pertain to, and will allow plaintiff to shed necessary light on, the nature, evolution, efficacy, and impacts of FBI and DOJ domestic terrorism operations in the run-up to, contemporaneous with, and in the wake of the terrorist attacks of September 11, 2001.

11. Given the FBI and the rest of the U.S. intelligence community's disastrous failures to successfully anticipate the terrorist attacks of September 11, 2001; the devastating and continuing impacts of those attacks on U.S. and non-U.S. citizens, U.S. foreign policy, the U.S.

and global economies, and U.S. global standing; the controversial and continuing political, social, cultural, and civil libertarian impacts of those attacks and the U.S. government's responses to those attacks (very much including the responses of the FBI and DOJ to those attacks); and the criticality of all of the above to the maintenance of American security and democracy, the significant public interest in the disclosure of the requested records to Plaintiff is manifest.

12. The FBI has attempted to thwart Plaintiff's FOIA requests for these important records by unlawfully delaying its response; conducting an inadequate search; improperly withholding records; improperly denying Plaintiff's request for a fee waiver; and inappropriately categorizing Plaintiff as an "other requester," rather than as a representative of the news media which he is.

13. In order to overcome these impediments, Plaintiff filed further FOIA requests for records about how the FBI processed the underlying requests, as well as FBI policy and training records on fee-related FOIA issues. Plaintiff also sought similar records from OIP, the office which handles administrative appeals of adverse FOIA decisions by the FBI.

## PLAINTIFF'S FOIA REQUESTS

Requests to FBI relating to 66F-HQ-1328110/66-HQ-1328110

14. On July 31, 2012, Plaintiff submitted a FOIA request to the FBI for records related to FBI file 66F-HQ-1328110. The FBI assigned the request tracking number 1196229-000. In response to the request, on July 17, 2014, the FBI released to Plaintiff 68 pages of 66F-HQ-1328110 out of a total of 124 reviewed.

15. On Aug. 31, 2014, Plaintiff administratively appealed the FBI's response, highlighting the inadequacy of the search conducted by the FBI. OIP assigned the appeal tracking number AP-2014-04465. In a letter dated January 8, 2015, OIP affirmed the FBI's response, including the adequacy of the search. Plaintiff has therefore exhausted his administrative remedies with respect to request 1196229-000.

16. On July 21, 2015, Plaintiff submitted a new, broader FOIA request to the FBI. This request sought records relating to 66-HQ-1328110, the broader file of which 66F-HQ-1328110 is a part. Plaintiff's request also explained at length why he should qualify as a representative of the news media for fee purposes. In a letter dated 29 July 2015, the FBI assigned the request tracking number 1333446-000 and denied the request for news media fee category classification, instead classifying Plaintiff as "a general (all others) requester."

17. On Aug. 13, 2015, Plaintiff appealed the FBI's denial of his news media fee category request. OIP assigned the appeal tracking number AP-2015-05381. On May 2, 3, and 12 2016, Plaintiff submitted via fax additional documentation to OIP in support of his appeal. Because Plaintiff has not received a decision from OIP with respect to his administrative appeal, either as filed or as amended, within 20 business days, he is deemed to have exhausted his administrative remedies with respect to the issue of his fee category classification.

18. Meanwhile, in a letter dated August 31, 2015, the FBI denied Plaintiff's request for a fee waiver. In subsequent correspondence, the FBI estimated the fee to be $130 and asked Plaintiff to commit to paying this amount. Plaintiff committed to paying the $130, and, on October 27, 2015, also administratively appealed the denial of his fee waiver request and request for news media fee category (among other things). The appeal was assigned tracking number AP-2016-00386.

19.     On December 23, 2015, Plaintiff submitted another administrative appeal. This appeal was assigned tracking number AP-2016-01182.

20.     On March 3, 2016, Plaintiff submitted a third appeal of the FBI's action, anticipating that the FBI's search would be inadequate based on the estimated number of pages it had located. OIP assigned this appeal tracking number, AP-2016-00400.

21.     On May 2, 3, and 12, 2016, Plaintiff submitted via fax additional documentation to OIP in support of his appeal.

22.     Because Plaintiff did not receive a final response from the FBI with respect to his FOIA request 1333446-000/1333446-001 within 30 business days, he is deemed to have exhausted his administrative remedies. Moreover, as to those actions taken by the FBI from which Plaintiff has administratively appealed (AP-2016-00386, AP-2016-01182, and AP2016-0400), Plaintiff is deemed to have exhausted his administrative remedies with respect to these actions because OIP has failed to rule on the appeals, either as filed or as amended, within 20 business days.

Requests to FBI relating to 66-00 and 66F-0

23.     On May 2, 2016, Plaintiff submitted a FOIA request to the FBI for records related to files 66-00 and 66F-0. The FBI assigned the request tracking number 1350391-000. On May 19, 2016, Plaintiff notified the FBI that one supplemental portion of his request for a fee waiver contained outdated information, and provided revised information. Plaintiff has not received a final determination on his request within 30 business days and therefore is deemed to have exhausted his administrative remedies.

Requests to FBI relating to News Media Fee Category

24.  On November 4, 2014, Plaintiff submitted a FOIA request to the FBI for among other things, the FBI's policy and training material related to determining which FOIA requesters qualify for treatment as a representative of the news media for FOIA fee category purposes. The FBI assigned this portion of the request tracking number 1310257-000. Plaintiff has not received a final determination on his request within 20 business days and therefore is deemed to have exhausted his administrative remedies with respect to request 1310257-000.

25.  On May 2, 2016, Plaintiff submitted a FOIA request to the FBI for records related to discussions of the processing of certain individual FOIA requests, including the processing of the fee waiver and fee category status of those requests. The FBI assigned this request tracking number 1350753-000. Plaintiff has not received a final determination on his request within 30 business days and therefore is deemed to have exhausted his administrative remedies with respect to request 1350753-000.

Requests to FBI relating to Sparrow Media

26.  On May 2, 2016, Plaintiff submitted a FOIA request to the FBI for records related to discussions of Sparrow Media, one of the news media outlets with whom Plaintiff works. The FBI assigned this request tracking number 1350828-000. Plaintiff has not received a final determination on his request within 30 business days and therefore is deemed to have exhausted his administrative remedies with respect to request 1350828-000.

Requests to OIP

27.     On May 3, 2016, Plaintiff submitted, under a single cover letter, three FOIA requests to OIP. One of these requests sought records on OIP's policy and training material related to determining which FOIA requesters qualify for treatment as a representative of the news media for FOIA fee category purposes. OIP assigned this request tracking number DOJ-2016-002836. One of Plaintiff's two other requests sought records relating to certain individual FOIA requests relevant to the news media fee category and fee issues. OIP assigned this request tracking number DOJ-2016-002915.

28.     With respect to these two FOIA requests submitted to OIP, no final determination has been made on these requests within 20 business days and therefore Plaintiff is deemed to have exhausted his administrative remedies with respect to these requests.

## COUNT I:
## VIOLATION OF FOIA AS TO SPECIFIC REQUESTS

29.     This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

30.     The FBI has improperly withheld records responsive to FOIA request tracking numbers 1196229, 1333446, 1310257, 1350753, and 1350828.

31.     OIP has improperly withheld records responsive to Plaintiff's FOIA requests DOJ-2016-002836 and DOJ-2016-002915.

## COUNT II:

## VIOLATION OF FOIA AS TO NEWS MEDIA STATUS

32. The FBI maintains a policy or practice of improperly denying Plaintiff news media fee status.

33. OIP maintains a policy or practice of affirming the FBI's improper new media fee status determinations as to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order the FBI and OIP to disclose the records being wrongfully withheld;

(3) Declare that Plaintiff is entitled to news media fee status for his FOIA requests at issue in this lawsuit and all future FOIA requests;

(4) Enjoin the FBI and OIP from denying Plaintiff news media fee status;

(5) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(6) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

　/s/ Jeffrey Light　
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213

Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*