UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO, | ) |
| Plaintiff, | ) Civil Action No. 16-CV-1263 (RBW) |
| v. | ) |
| DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant United States Department of Justice ("Defendant") hereby answers Plaintiff's Amended Complaint ("Amended Complaint"), ECF No. 10, as follows:

### THE PARTIES

1.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.  Defendant admits the allegation in paragraph 3.

4.  Defendant admits the allegation in paragraph 4.

5.  Defendant admits the allegation in paragraph 5.

6.  Defendant admits the allegations in paragraph 6.

### JURISDICTION AND VENUE

7.  This paragraph contains Plaintiff's characterization of this action to which no response is required.

8. Paragraph 8 contains conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

9. Paragraph 9 contains a conclusion of law as to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

### STATEMENT OF FACTS

### BACKGROUND

10. Defendant admits that Plaintiff requested specific domestic terrorism records (66F-HQ-1328110, 66-HQ-1328100), and related records (66-00, 66F-00), and that Plaintiff made the requests in 2012. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant admits that Plaintiff filed additional Freedom of Information Act ("FOIA") requests for records about how the FBI processed the underlying requests, and policy and training records on fee-related FOIA issues, and that the Office of Information Policy ("OIP") adjudicates administrative appeals from denials of access to records made by United States Department of Justice components under the FOIA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### PLAINITFF'S FOIA REQUESTS

14. Defendant admits the allegations in paragraph 14.

15. Defendant admits that, on August 31, 2014, Plaintiff administratively appealed the FBI's response to the search, that OIP assigned the appeal tracking number AP-2014-04465,

and that OIP provided a letter dated January 8, 2015.  The correspondence referenced in this paragraph speak for themselves and are the best evidence of their contents.  Defendant respectfully refers the Court to those documents for a full and accurate statement of their contents.  The last sentence of paragraph 15 contains a conclusion of law as to which no response is required; to the extent that a response is required, Defendant denies.

16. Defendant admits that, on or about July 21, 2015, Plaintiff submitted an additional request, and that the FBI responded to that request in a letter dated July 29, 2015.  The correspondence referenced in this paragraph speak for themselves and are the best evidence of their contents.  Defendant respectfully refers the Court to those documents for a full and accurate statement of their contents.

17. Defendant admits that Plaintiff submitted an appeal of the denial of news media fee category request.  The correspondence referenced in this paragraph speak for themselves and are the best evidence of their contents.  Defendant respectfully refers the Court to those documents for a full and accurate statement of their contents.  The fourth sentence of this paragraph contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that Plaintiff submitted an appeal and that OIP assigned that appeal a tracking number.  Defendant denies that the FBI's search was inadequate.

21. Defendant denies the allegations in paragraph 21.

22. Paragraph 22 contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

23. Defendant admits that Plaintiff submitted a FOIA request for FBI records related to files 66-00 and 66F-00, that the request was assigned a tracking number 1350391-00, and that Plaintiff requested a fee waiver.

24. Paragraph 24 is blank, and thus no response is required.

25. Defendant admits that it sent a letter dated July 21, 2016 stating Plaintiff had not submitted a valid request. Defendant denies the remaining allegations in this paragraph, except admits that it would take 1,035,898 hours to complete processing for this request.

26. Defendant denies that it received an email dated July 26, 2016 requesting to speak with a negotiator about the possibility of narrowing the request.

27. Defendant denies it never responded to an email dated July 26, 2016, as Defendant does not have a record of receiving such an email from Plaintiff.

28. Defendant admits the allegations in paragraph 28.

29. Defendant admits the allegations in paragraph 29.

30. Defendant denies the allegations in the first sentence in paragraph 30. On September 7, 2016, OIP issued a final response to Plaintiff's administrative appeal assigned tracking number DOJ-AP-2016-004577 affirming the FBI's actions on that request. The second sentence in paragraph 30 contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

31. Defendant admits Plaintiff submitted a request for FBI's policy and training material related to determining which FOIA requestors qualify for treatment as a member of the news media for fee purposes, and that the portion of this request was assigned tracking number

4

1310257-00.   The last sentence in paragraph 31 contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

      32.      Defendant admits on May 2, 2016, Plaintiff submitted a FOIA request to the FBI for records related to discussions of the processing of certain FOIA requests, including the processing of the fee waiver and fee category status of the requests, and that this request was assigned tracking number 1350753-00.   The last sentence in paragraph 32 contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

      33.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 33, except admits that on May 2, 2016 Plaintiff submitted a FOIA request to the FBI for records related to Sparrow Media, and that this request was assigned tracking number 1350828-00.   The last sentence in paragraph 33 contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

      34.      Paragraph 34 purports to characterize certain correspondence, which speak for themselves and are the best evidence of their contents.   Defendant respectfully refers the Court to those documents for a full and accurate statement of their contents.

      35.      Paragraph 35 purports to characterize certain correspondence, which speak for themselves and are the best evidence of their contents.   Defendant respectfully refers the Court to those documents for a full and accurate statement of their contents.

      36.      Paragraph 36 purports to characterize certain correspondence, which speak for themselves and are the best evidence of their contents.   Defendant respectfully refers the Court to those documents for a full and accurate statement of their contents.

37. Defendant admits that it received three requests on May 3, 2016 submitted by Plaintiff to OIP and that the first request was assigned tracking number DOJ-2016-002836, the second request was assigned tracking number DOJ-2016-002915, and the third request was assigned tracking numbers DOJ-2016-002918, DOJ-2016-002919, and DOJ-2016-002920. The documents referenced in this paragraph speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to those documents for a full and accurate statement of their contents.

38. Paragraph 38 contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

39. Defendant admits that on May 25, 2016 it responded to the request submitted by Plaintiff to OIP assigned tracking numbers DOJ-2016-002918, DOJ-2016-002919, and DOJ-2016-002920; and that Plaintiff submitted an administrative appeal of OIP's May 25, 2016 response and the appeal was assigned tracking numbers DOJ-AP-2016-003872, DOJ-AP-2016-003875, and DOJ-AP-2016-003877 on June 21, 2016. The documents referenced in this paragraph speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to those documents for a full and accurate statement of their contents.

40. Defendant admits that it received a request on June 24, 2016 submitted by Plaintiff to OIP and that the request was assigned tracking number DOJ-2016-003853. The June 24, 2016 request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents. The last sentence of this paragraph contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

41. Defendant admits that it received a request on June 24, 2016 submitted by Plaintiff to OIP and that the request was assigned tracking number DOJ-2016-003850. The June 24, 2016 request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that request for a full and accurate statement of its contents. The last sentence of this paragraph contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

42. Defendant admits that it received a request on May 3, 2016 submitted by Plaintiff to OIP and that in a letter to Plaintiff dated June 14, 2016, OIP assigned the request tracking number DOJ-2016-002915. The referenced correspondence speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the referenced correspondence for a full and accurate statement of their contents. The last sentence of this paragraph contains conclusions of law as to which no response is required; to the extent a response is required, Defendant denies.

## COUNT I:
## ALLEGED VIOLATION OF FOIA AS TO SPECIFIC REQUESTS

43. Defendants repeats and realleges each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

### PRAYER FOR RELIEF

The remaining paragraphs of the Amended Complaint consist of Plaintiff's prayer for relief to which no response is required. Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant hereby denies each and every allegation in the Amended Complaint not expressly answered or qualified herein.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to Defendant through the course of the litigation.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over the Amended Complaint because Defendant has not improperly withheld information within the meaning of the FOIA.

## THIRD DEFENSE

The FOIA requests that are the subject of this lawsuit implicate certain information that is protected from disclosure by one or more statutory exemptions.

\* \* \*

Wherefore, Defendant prays that this Court dismiss the Amended Complaint with prejudice, at Plaintiff's cost, and that the Court grant such other and further relief as the Court deems just and proper.

Dated:   December 12, 2016

        Respectfully submitted,

        CHANNING D. PHILLIPS, D.C. Bar # 415793
        United States Attorney for the District of Columbia

        DANIEL F. VAN HORN, D.C. Bar # 924092
        Chief, Civil Division

        By:  /s/ Marsha W. Yee
        MARSHA W. YEE
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        Telephone:   (202) 252-2539
        Facsimile:   (202) 252-2599
        Email:   Marsha.Yee@usdoj.gov

        *Counsel for Defendant*

Of Counsel:

Mollie M. Loeffler
Federal Bureau of Investigation
Office of General Counsel
Litigation Branch/FOIA Litigation Unit